IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BIBBS,                      :
                                    :
         Plaintiff                  :
                                    :
    v.                              :    CIVIL NO. 3:CV-08-2279
                                    :
EDWARD J. KLEM, ET AL.,             :    (Judge Conaboy)
                                    :
         Defendants                 :
_____

## MEMORANDUM
### Background

Michael Bibbs (Plaintiff), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2009, Plaintiff filed an Amended Complaint. See Doc. 28.

Plaintiff's Amended Complaint asserts in relevant part that while incarcerated at SCI-Mahanoy on August 18, 2006, he "experienced sever [sic] headaches, difficulty breathing, cold shivers, dizzy spells, fatigued muscles, and aches and pains in the groin, abdomen, chest, kidney area, and throughout his joints." Doc. 28, ¶ 19. After being examined by Doctor Evans during a resulting sick call appointment, Bibbs was allegedly told that he had some thyroid gland irregularity. See id.

Thereafter, Plaintiff states that he returned to the SCI-Mahanoy Medical Department multiple times for treatment of the

1

above problems which he describes as being his painful symptoms. Although Plaintiff was informed that he was anemic, had a low white blood cell count, lipomas, and a thyroid problem, the Amended Complaint claims that needed medication and treatment were purportedly denied or delayed by various members of the SCI-Mahanoy medical staff. Bibbs concludes that the actions or non-actions of the non-Corrections Defendants constituted deliberate indifference to his medical needs.[1]

With respect to the Corrections Defendants, the Amended Complaint alleges that they failed to properly investigate and take appropriate action in response to Plaintiff's complaints of being provided with inadequate medical treatment.[2] See Doc. 29, ¶ ¶ 25, 31 & 59.

By Memorandum and Order dated March 2, 2010, this Court denied a motion to dismiss the Amended Complaint filed by Defendants Stephen Evans, D.O.; Michael Weisner, M.D.; David Underwood, M.D.; Donna Beaven, NP; Alan Himmelsbach, NP; and Donald O'Brien, P.A. See Doc. 69. Thereafter, on March 11, 2010, a motion to dismiss by Dorna Armbrister, M.D. was denied. See Doc. 76.

On March 16, 2010, a motion to dismiss filed by Defendants ex-Superintendent Edward Klem; Superintendent John Kerestes;

---

1. The medical professionals named as non-Corrections Defendants provide medical services to SCI-Mahanoy inmates, including Bibbs, on a contractual basis.

2. This Court agrees with Corrections Defendants' assessment that the majority of Bibbs' claims are addressed to the non-Corrections Defendants. See Doc. 33 at 1.

2

Medical Administrator Marva Cerullo and Nurse Supervisor Alice Chipriano (hereinafter Corrections Defendants) was partially granted. See Doc. 77. Dismissal was granted in favor of Defendants Klem and Kerestes but the motion was denied with respect to Defendants Cerullo and Chipriano.

Specifically therein, this Court ruled that Bibbs' Amended Complaint to the extent that it attempted to claim that Corrections Defendants violated his constitutional rights solely based upon their responses or lack of response to his complaints, administrative grievances, and appeals was subject to dismissal. It was also concluded that based upon Bibbs' contentions of having been diagnosed as having hypothyroidism, chronic kidney disease and hypertension, it could not be determined at that stage of the proceedings that Bibbs was not suffering from an objectively serious medical need as required for a deliberate indifference claim.

Next, this Court noted that Corrections Defendants Cerullo and Chipriano were both medical professionals employed in supervisory capacities within the SCI-Mahanoy Medical Department, who had knowledge of Bibbs' medical problems. In light of their respective positions, this Court concluded that Cerullo and Chipriano were not entitled to entry of dismissal with respect to Plaintiff's claim of deliberate indifference because:

> it is unclear at this juncture as to the extent of the authority conferred upon Health Care Administrator Cerullo and Nurse Supervisor Chipriano by virtue of their supervisory positions within the SCI-Mahanoy Medical Department. Specifically, it is presently unknown as to whether either of those Defendants were vested with the

3

> authority or required to approve or override recommendations, especially requests for specific medications or courses of treatment made by Plaintiff's treating physicians or to otherwise intervene in decisions regarding his medical care.

Doc. 77, p. 9.

By Memorandum and Order dated February 17, 2011, Doctor Armbrister's motion seeking entry of summary judgment was granted. See Doc. 174. Presently pending is a motion seeking summary judgment filed by remaining Corrections Defendants Medical Administrator Cerullo and Nurse Supervisor Chipriano, both of whom are employed at SCI-Mahanoy. See Doc. 118. The motion is ripe for consideration.

## **Discussion**

Defendants Cerullo and Chipriano seek entry of summary judgment on the grounds that: (1) Plaintiff failed to exhaust his available administrative remedies; (2) there is no basis for a deliberate indifference claim because they relied upon the judgment of the SCI-Mahanoy medical professionals; and (3) they cannot be held liable for merely responding to Plaintiff's grievances and request slips.

## **Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the

4

outcome of the suit under the applicable law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. <u>Id</u>. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. <u>Saldana</u>, 260 F.3d at 232; <u>see</u> <u>also</u> <u>Reeder v. Sybron Transition Corp.</u>, 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. <u>Versarge v. Township of Clinton</u>, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." <u>Id</u>. (internal quotations omitted); <u>see</u> <u>also</u> <u>Saldana</u>, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." <u>Celotex</u>, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the

5

evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Exhaustion**

Remaining Corrections Defendants initially argue that Bibbs failed to exhaust his available administrative remedies "at least as to Corrections Defendant Chipriano." Doc. 121, p. 7. They note that during his deposition testimony Bibbs conceded that Grievance No. 218132 was not appealed to final review. In addition, Grievance No. 239067 wherein Plaintiff complained of abnormal kidneys did not mention Nurse Chipriano and was not responded to by either Cerullo or Chipriano.

Inmate Bibbs counters that he "filed and exhausted over 8 grievances that raised and addressed the matters that are relevant to the Plaintiff's allegations in this case." Doc. 162, ¶ 3. He adds that he submitted over 50 written requests and grievances which were received and answered by Cerullo and Chipriano. Id. at ¶ 6. Moreover, the disposition of Grievance 218132 "is irrelevant where he properly exhausted over 6 other grievances relating to health care and medical staff conduct and in-action, including Defendants Cerullo and Chipriano." Doc. 161, p. 3.

Plaintiff also asserts that it was not possible to specifically name Cerullo and Chipriano as they did not wear name tags and that his failure to specifically list them by name in grievances does not warrant a finding of non-exhaustion.

Section 1997e(a) of title 42 U.S.C. provides:

6

> No action shall be brought with respect to
> prison conditions under Section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the Court of Appeals held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006). The statutory mandate for exhaustion of administrative remedies implies a procedural default component. Spruill v. Gillis

372 F.3d 218, 222 (3d Cir. 2004). As the Third Circuit Court of Appeals explained, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court reiterated that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.

The Pennsylvania Department of Corrections ("DOC") has established a Consolidated Inmate Grievance Review System which has been periodically amended. Section V of DC-ADM 804 (effective January 3, 2005) states that "every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought." It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances. An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days

to the Facility Manager.  A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals.  A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court.  However, an improperly submitted grievance will not be reviewed.

The Third Circuit Court of Appeals has recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable.  <u>Spruill</u>, 372 F.3d at 234.  It held that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim.  The Court of Appeals added that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance.  However, in <u>Jones v. Bock</u>, 127 S.Ct. 910, 923 (2007), the United States Supreme Court established that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."  The Supreme Court additionally indicated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  <u>Id</u>.

Based upon a review of the record, notably exhibits

9

submitted by Plaintiff in opposition to the pending summary judgment motion, he was well aware of Cerullo and Chipriano's names. See Doc. 161, Exhibit A. Nonetheless, under the standards announced by the Supreme Court in Jones, this Court agrees the failure of Bibbs' grievances to specifically name Cerullo and Chipriano does not necessarily warrant entry of dismissal for non-exhaustion.

Attached as exhibits to the transcript of Plaintiff's deposition testimony are copies of seven (7) grievances, specifically Grievance Nos. 182976, 183798, 184867, 187671, 189326, 218132, and 239067. See Doc. 120, p. 9. The Corrections Defendants' supporting brief addresses only Grievances 218132 and 239067. Grievance 182976 filed March 30, 2007 requested an MRI examination of lumps and asserted that Bibbs was being denied adequate medical treatment. See id., p. 74-76. An initial response to said grievance was made by Defendant Cerullo. See id. at p. 77. The grievance was appealed to final administrative review. See id. at p. 80.

Grievance 183798 likewise complained about the adequacy of Bibbs' medical treatment and was initially reviewed by Cerullo. See id. at p. 83. It is unclear whether this grievance was fully exhausted. Grievance 184867 indicates that Plaintiff's complaints of stomach pain were not being addressed. It was denied on initial review by Chipriano. See id. at p. 85.

Grievance 187671 filed May 13, 2007 also raised claims of inadequate medical care and includes a claim against Defendant

10

Cerullo. See id. at p. 87. It was denied on initial review by Nurse Supervisor Chipriano and was appealed to final administrative review. Grievance 189326, which was filed on May 30, 2007, expressed concern over a tampered white blood cell count and possible renal failure. See id. at p. 93. It was denied by Chipriano on initial review. It is unclear as to whether it was appealed to final administrative review.

Defendants Cerullo and Chipriano's pending summary judgment request fails to provide an explanation as to why the five (5) above described grievances do not establish that Plaintiff has satisfied the exhaustion requirement. Based upon their failure to address the relevance, if any, of those grievances with respect to the exhaustion requirement, there are material facts in dispute which preclude entry of summary judgment on the basis of non-exhaustion.

**Handling of Grievances**

Corrections Defendants Cerullo and Chipriano next argue that to the extent Plaintiff is seeking to impose liability against them based upon "their responses to his requests to staff and/or inmate grievances," said claims "cannot form the basis for a claim of deliberate indifference."[3] Doc. 121 at 12.

Inmates do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing

---

3. It is noted that the record indicates that Plaintiff received responses to his numerous requests and grievances.

11

Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

This Court's March 16, 2010 Memorandum and Order previously concluded that Plaintiff's claim that Corrections Defendants including Cerullo and Chipriano violated his constitutional rights solely based upon their responses or lack of response to his complaints, administrative grievances, and appeals was subject to dismissal. See Doc. 77, p. 5. For those same reasons, Cerullo and Chipriano's pending request for summary judgment with respect to any claim of deliberate indifference solely based upon their responses or lack of response to his complaints, administrative grievances, and appeals is likewise meritorious.

**Deliberate Indifference**

Prison officials are required under the Eighth Amendment to provide basic medical treatment to prisoners. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). The proper analysis for evaluating a deliberate

indifference claim is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).

An inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need to set forth a viable Eighth Amendment medical claim. See Spruill v. Gillis, 372 F.3d at 235-36; Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Courts reviewing such claims must determine if the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Cerullo and Chipriano's remaining argument is that entry of summary judgment in their favor is appropriate because "they reasonably relied upon the judgment of the medical professionals at SCI-Mahanoy, including Drs. Armbrister, Evans, and Weisner."[4] Doc. 121, p. 7. They add that the undisputed medical evidence establishes that Bibbs was frequently seen by the SCI-Mahanoy medical staff, and receives testing and medication for his various conditions, including hypothyroidism. Plaintiff also undergoes periodic treatment in the prison's Chronic Care Clinic.

---

4. There is no argument by Cerullo and Chipriano that Plaintiff has failed to satisfy the serious medical need requirement of Estelle. This Court concurs that in light of Bibbs' contentions of having been diagnosed as suffering hypothyroidism, chronic kidney disease and hypertension, that prong of Estelle has been met.

13

As previously noted by this Court, Defendants Cerullo and Chipriano's motion to dismiss was denied with respect to the deliberate indifference claim on the grounds that:

> it is unclear at this juncture as to the extent of the authority conferred upon Health Care Administrator Cerullo and Nurse Supervisor Chipriano by virtue of their supervisory positions within the SCI-Mahanoy Medical Department. Specifically, it is presently unknown as to whether either of those Defendants were vested with the authority or required to approve or override recommendations, especially requests for specific medications or courses of treatment made by Plaintiff's treating physicians or to otherwise intervene in decisions regarding his medical care.

Doc. 77, p. 9.

With respect to the deliberate indifference component, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id.

It is undisputed that Health Care Administrator Cerullo is a Registered Nurse and as such can be properly considered as having a medical background. However, Cerullo's employment at SCI-Mahanoy is "administrative in nature." Doc. 121, p. 7. Cerullo argues that because she was not directly involved in providing medical

14

care to the inmate population, and reasonably relied upon the decisions made by the members of the prison's medical staff who were actually involved in Bibbs' medical care, there is no basis for a deliberate indifference claim. Cerullo also denies Plaintiff's allegations that she tampered with his test results.

In a supporting declaration given under penalty of perjury, Cerullo describes her employment duties as "planning, organizing, directing and managing the health care services program at SCI-Mahanoy." Doc. 120, p. 109, ¶ 2. She notes that inmate diagnoses and prescription of medications are carried out by medical staff employed by Prison Health Services, a contracted medical vendor.

Cerullo asserts that based upon a review of Bibbs' medical records, the prisoner is being treated for hypertension, hypothyroidism, and chronic leukopenia. See id. at ¶ 3. He is receiving medication for those conditions and has also undergone kidney function and blood testing, the results of which have been normal. While at SCI-Mahanoy, Plaintiff has been treated by three physicians and three PAs. Defendant Cerullo denies that she ever altered or tampered with Plaintiff's blood test results, noting that test results are normally not sent to her and that she had no motivation to alter Bibbs' test results. See id. at ¶ 8. Cerullo concludes that Plaintiff's medical concerns are being adequately addressed and that her actions were the result of reasonable reliance on the professional judgment of the prison's medical staff. See id. at ¶ 9.

The Court of Appeals for the Third Circuit in Durmer stated that a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See Durmer, 991 F.2d at 69; Lee v. Cerullo, 287 Fed. Appx. 145, 148 (3d Cir. 2008)(a Court of Appeals decision involving this same Defendant, which concluded that a non-physician prison medical administrator such as Cerullo cannot be considered deliberately indifferent for an alleged failure to directly respond to inmate's medical complaints when the prisoner was already being treated by a doctor).

As previously noted, Defendant Cerullo is a non-physician. Second, it is undisputed that Plaintiff was receiving treatment from multiple physicians, including Doctors Armbrister, Evans, and Weisner during his SCI-Mahanoy confinement. As part of his care, Bibbs was provided with various medications and testing. Third, there are no facts alleged which could support a finding that Cerullo failed to provide or delayed any treatment prescribed for Plaintiff. Moreover, Plaintiff's bald assertion that Cerullo "failed to intervene and take remedial action" does not support a deliberate indifference claim since said Defendant did not have the authority to override decisions made by Bibbs' treating physicians. Doc. 162, ¶ 25. Based upon those undisputed factors, Defendant

Cerullo is entitled to entry of summary judgment under the standards developed in Durmer and Lee.

This determination is bolstered by the fact that Plaintiff has not come forward with any expert medical testimony which would establish that there was any medical treatment which he should have received but was denied or that the care he was given was somehow deficient due to any conduct by Cerullo. Moreover, in his own deposition testimony, Plaintiff admits that he is not aware any which he could have been prescribed.

Nurse Supervisor Chipriano is also a Registered Nurse and therefore is likewise properly deemed to have medical expertise. In a declaration submitted under penalty of perjury, Chipriano states that she is employed as a Registered Nurse Supervisor at SCI- Mahanoy. See Doc. 120, p. 221. She describes her duties as supervising a total of 24 nurses and being responsible for "planning, organizing, directing, and evaluating the administration of nursing care and treatment services." Id. at ¶ 2. Chipriano notes that she reports to the Health Care Administrator.

Chipriano avers that she does not initiate medical treatment or prescribe medication for prisoners. Rather, she defers to the medical judgments of the treating physicians and PAs. She admits having responded to grievances filed by Plaintiff, strongly denies having tampered with his 2007 blood test results, and opines that Bibbs has received adequate and appropriate treatment while at SCI-Mahanoy.

As was the case with Cerullo and based upon an application of the standards developed in Durmer and Lee, Defendant Chipriano

17

she is also entitled to summary judgment since there are no facts presented which could support a claim that she denied or delayed any treatment prescribed for Plaintiff.

Likewise, Bibbs' general assertion that Chipriano "failed to intervene and take remedial action" does not support a deliberate indifference claim since Defendant Chipriano, a nurse, was simply does not vested with the discretion to override any decisions or diagnoses made by Bibbs' treating physicians.  Doc. 162, ¶ 25.  In conclusion, summary judgment will be granted in favor of Defendants Cerullo and Chipriano with regards to the allegations that they were deliberately indifferent to Plaintiff's medical needs.  An appropriate Order will enter.

S/Richard P. Conaboy  
RICHARD P. CONABOY  
United States District Judge

DATED: MARCH 4, 2011

```
                    IN THE UNITED STATES DISTRICT COURT
                                FOR THE
                     MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL BIBBS,                      :
                                    :
            Plaintiff                :
                                    :
     v.                             :   CIVIL NO. 3:CV-08-2279
                                    :
EDWARD J. KLEM, ET AL.,             :   (Judge Conaboy)
                                    :
            Defendants               :
_____

## ORDER

AND NOW, THIS 4th DAY OF MARCH, 2011, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Corrections Defendants Marva Cerullo and Alice Chipriano's motion for summary judgment (Doc. 118) is granted.
2. The Clerk of Court is directed to enter summary judgment in favor of Defendants Cerullo and Chipriano.
3. Disposition of the Remaining Defendants' pending motion for summary judgment (Doc. 122) will be undertaken separately by the Court.

                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge